IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
**BILLINGS DIVISION**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, <br><br> and <br><br> STATE OF MONTANA, <br><br>    Plaintiffs, <br><br> v. <br><br> EXXONMOBIL PIPELINE COMPANY, <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

The United States of America, acting at the request of the U.S. Fish & Wildlife Service ("FWS") and the Bureau of Land Management ("BLM") of the United States Department of the Interior ("DOI"), and the State of Montana ("State"), through the Montana Department of Justice Natural Resource Damage Program acting on behalf of the Governor of the State of Montana, file this complaint and allege as follows:

### NATURE OF THE ACTION

1.     This is a civil action against ExxonMobil Pipeline Company ("Defendant") brought under Section 1002 of the Oil Pollution Act ("OPA"), 33 U.S.C. § 2702, and state law for recovery of damages for injury to, destruction of, loss of, or loss of use of natural resources

resulting from the release of oil at and from the Silvertip Pipeline near Laurel, Yellowstone County, Montana, on or about July 1, 2011.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. §§ 1331 and 1345. This Court has pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in the District of Montana under Section 1017(b) of OPA, 33 U.S.C. § 2717(b), and 28 U.S.C. § 1391 because the discharges and natural resource injuries and damages that are the subject of this action occurred in, and Defendant conducts business in, this judicial district.

## THE PARTIES

3. Plaintiff United States of America is the trustee under Section 1006 of OPA, 33 U.S.C. § 2706, for natural resources, belonging to, managed by, controlled by or appertaining to the United States. Natural resources under federal trusteeship relevant to this action include, but are not limited to, migratory birds and their supporting ecosystems. The President has delegated authority to act as trustee for Federal natural resources and to present and recover damages for injury to such natural resources to the Secretary of the DOI, who has in turn delegated Federal Trustee responsibilities for this matter to the FWS and BLM.

4. Plaintiff State of Montana is the trustee under Section 1006 of OPA, 33 U.S.C. § 2706, for natural resources, belonging to, managed by, controlled by or appertaining to the State of Montana. Natural resources under State trusteeship relevant to this action include, but are not limited to, riverine aquatic habitat and supported biota, terrestrial/riparian habitat and supported biota, birds, large woody debris piles, and services provided by the natural resources. The

Montana Department of Justice Natural Resource Damage Program is acting on behalf of the Governor of the State of Montana.

5.  Defendant ExxonMobil Pipeline Company is the owner and operator of the Silvertip Pipeline. Defendant is a Delaware corporation with its headquarters in Houston, Texas.

## FACTS

6.  The Silvertip Pipeline is a 12-inch-diameter pipeline that transports crude oil approximately 69 miles from the Silvertip Station near Elk Basin, Wyoming, to the ExxonMobil Refinery in Billings, Montana.

7.  On or about July 1, 2011, the Silvertip Pipeline ruptured at the Yellowstone River crossing near the City of Laurel, Montana, and oil began spilling into the Yellowstone River (the "Silvertip Spill").

8.  The Silvertip Spill occurred during a high-flow event, affecting approximately 85 river miles and associated floodplain. Defendant discharged more than 1,500 barrels of crude oil from its Silvertip Pipeline into and upon the Yellowstone River and its adjoining shorelines (the "Discharge").

9.  On or about July 6, 2011, the United States Environmental Protection Agency issued a unilateral administrative order directing the Defendant to undertake certain response activities. The Montana Department of Environmental Quality issued an administrative order on consent on or about February 28, 2012 directing Defendant to undertake certain response activities.

10.  Response activities have not addressed and are not expected to address all damages to natural resources resulting from the Silvertip Spill.

11. Natural resources affected include, but are not limited to, injuries to terrestrial/riparian habitat and supported biota, injuries to large woody debris piles, injuries to riverine aquatic habitat and supported biota, injuries to birds and their supporting ecosystems, and human service losses.

12. The Plaintiffs have incurred unreimbursed natural resource damage assessment costs as a result of the Discharge, and unreimbursed reasonable technical and legal costs of assessing and enforcing a claim for the injury.

## FIRST CAUSE OF ACTION

### Damages Under OPA Section 1002
### 33 U.S.C. § 2702

13. Paragraphs 1 through 12 are realleged and reincorporated herein.

14. Section 1002 of OPA, 33 U.S.C. § 2702, provides that each "responsible party" for a "facility from which oil is discharged, or which poses a substantial threat of a discharge of oil, into or upon navigable waters or adjoining shorelines" is liable, among other things, for "[d]amages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage."

15. The Secretary of the Interior and the Governor of Montana are the designated Federal and State trustees, respectively, for natural resources injured as a result of the discharge, or the substantial threat of discharge, of oil related to the Silvertip Spill.

16. The Silvertip Pipeline from which oil was released as part of the Silvertip Spill, is an "onshore facility" within the meaning of Sections 1001(9) and 1001(24) of OPA, 33 U.S.C. §§ 2701(9), (24).

17. Defendant is a "person" within the meaning of Section 1001(27) of OPA, 33 U.S.C. § 2701(27), and is the "owner" and "operator" of the Silvertip Pipeline and all related

facilities within the meaning of Section 1001(26)(A)(ii) of OPA, 33 U.S.C. § 2701(26)(A)(ii). As a result, it is a "responsible party" for the Silvertip Pipeline within the meaning of Section 1001(32) of OPA, 33 U.S.C. § 2701(32).

18. The discharge of oil into the waters of Yellowstone River is a "discharge" within the meaning of Sections 1001(7) and 1002(a) of OPA, 33 U.S.C. §§ 2701(7), 2702(a).

19. The substance released in the Silvertip Spill is "oil" within the meaning of Section 1001(23) of OPA, 33 U.S.C. § 2701(23).

20. The Yellowstone River is a navigable water within the meaning of OPA.

21. The Discharge resulted in injuries to, destruction of, loss of, or loss of use of natural resources belonging to, managed by, held in trust by, appertaining to, or otherwise controlled by the United States and the State.

22. As a result of the discharge and/or substantial threat of discharge of oil from the Silvertip Pipeline, "natural resources" within the meaning of Section 1001(20) of OPA, 33 U.S.C. § 2701(20), were injured, destroyed, lost, or their use was diminished or lost.

23. Pursuant to Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), Defendant is liable to the United States and to the State for damages for injury to, destruction of, loss of, or loss of use of natural resources resulting from the Silvertip Spill. Defendant is liable without limitation for natural resource damages for such injuries, destruction and losses, including Natural Resource Damage Assessment Costs, under OPA.

## SECOND CAUSE OF ACTION

### Damages Under CECRA

24. Paragraphs 1 through 23 are realleged and incorporated herein.

25. Section 75-10-715, Mont. Code Ann., of the Montana Comprehensive Environmental Cleanup and Responsibility Act (CECRA), Mont. Code Ann. §75-10-701 et seq., provides that "a person who owns or operates a facility where a hazardous or deleterious substance was disposed of" is liable, among other things, for "damages for injury to, destruction of, or loss of natural resources caused by the release or threatened release, including the reasonable technical and legal costs of assessing and enforcing a claim for the injury, destruction, or loss resulting from the release."

26. The Defendant is a "person" within the meaning of Section 75-10-701(16) Mont. Code Ann., as the owner or operator within the meaning of Section 75-10-701(15) Mont. Code Ann., of a "facility" within the meaning of Section 75-10-701(4) Montana Code Annotated, where a "hazardous or deleterious substance" within the meaning of Section 75-10-701(8) Montana Code Annotated, was disposed of.

27. The "natural resources" injured, destroyed, or lost are within the meaning of Section 75-10-701(12) Mont. Code Ann., and were caused by a "release" within the meaning of Section 75-10-701(19) Mont. Code Ann.

28. Defendant is liable without limitation for damages for injury to, destruction of, or loss of natural resources caused by the release or threatened release, including the reasonable technical and legal costs of assessing and enforcing a claim for the injury, destruction or loss resulting from the release under CECRA.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. ENTER judgment for Plaintiffs and against Defendant on the claim set forth in this Complaint;

B.  AWARD Plaintiffs all damages for injury to, destruction of, and loss of natural resources resulting from the Silvertip Spill, including the unreimbursed past, present and future costs of assessing such damages, the cost of restoring, replacing, and/or acquiring the equivalent of those injured resources and the services they provide, and the past, present and future diminution in value of those resources pending restoration or replacement, in an amount to be proven at trial; and

C.  GRANT the Plaintiffs such other relief as the Court deems just and proper.

Respectfully Submitted,

FOR THE UNITED STATES OF AMERICA

JOHN C. CRUDEN
Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

Date: 9/16/16

JAMES D. FREEMAN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
999 18th Street, South Terrace, Suite 370
Denver, Colorado 80202
Telephone: (303) 844-1489
Facsimile: (303) 844-1350

MICHAEL W. COTTER
United States Attorney
District of Montana

9/21/2016

LEIF JOHNSON
Assistant United States Attorney
District of Montana
2601 Second Avenue N., Suite 3200
Billings, MT 59101
Telephone: (406) 247-4630

Date: 9/16/2016

FOR THE STATE OF MONTANA

HARLEY R. HARRIS
Supervising Assistant Attorney General
MARY CAPDEVILLE
Assistant Attorney General
Montana Department of Justice
Natural Resource Damage Program
1720 Ninth Avenue
P.O. Box 201425
Helena, Montana 59620-1425